PER CURIAM.
This is an appeal by one of the defendants below from an adverse judgment in an action brought for termination of a lease and for damages.
On July 1, 1970, by a written instrument the appellees leased to the appellant, El Prado Restaurant, Inc., certain premises “to be used and occupied by the lessee as a coffee shop, restaurant and lounge.” The term of the lease was 90 months, to December 31, 1977. The rental provided for was made payable monthly in specified amounts. The lease contained a provision against assignment thereof by the lessee without written consent of the lessors. By a letter dated September 8, 1971, the lessors gave notice to the lessee of election to cancel the lease.
On September 30, 1971, the lessors filed this action against the original lessee and against G. & D. Enterprises, Inc. and David Allen Gergora and George Gergora.
Plaintiffs alleged defaults by the lessee: (1) by assignment of the lease to one Antonio Villareal on November 15, 1970; (2) by assignment of the lease to G. & D. Enterprises, Inc. on May 17, 1971; (3) for violation of state laws on the premises as charged by the state Department of Business Regulation; and for nonpayment of rent for the month of September 1971. By answer the defendant lessee admitted the making and existence of the lease, and denied other allegations of the complaint.
On final hearing the court entered judgment declaring the lease to be cancelled and the plaintiff lessors to be entitled to possession. Included was judgment for the plaintiffs for certain accrued rent, and provision for retention by the plaintiffs of *383 the security deposit “as agreed upon liquidated damages.” The judgment of the court was predicated on the findings set out therein, as follows:
“(a) That the Defendant has committed material breaches with regard to the subject lease agreement between the parties hereto in that the Defendant has assigned on numerous occasions its right and interest in the subject lease without consent or approval of the Plaintiff.
“(b) That the Defendant has not paid the rent for the month of September, 1971 and that the Defendant’s offer to tender the same was not made.
“(c) That the Defendant defrauded the Plaintiff at the inception of the business relationship of the parties, in that Jose O. Fernandez, appeared as President of Defendant’s corporation, but in fact Fernando Rodriguez represented himself to be Jose O. Fernandez and fraudulently induced Plaintiff to believe that he was Jose O. Fernandez, which in truth and in fact was not the case, in violation of Paragraph 37 of the subject lease.”
Several contentions are presented by the appellant in seeking reversal of the judgment. On consideration thereof in the light of the record, briefs and argument, we conclude that no reversible error has been shown. Sufficient to sustain the judgment was the finding of the court of breach of the lease by assignment thereof contrary to its terms, the fact of which was shown in the record by competent substantial evidence. We cannot fault the court for concluding that the lessors’ right to claim breach of the contract by reason of the assignment or assignments of the lease was not waived by acceptance of rent from G. & D. Enterprises, Inc. for the months of July and August of 1971. There was testimony which the court could, and no doubt did accept and rely upon that the lessors did not learn or know of the unauthorized assignment or assignments of the lease prior to the end of August 1971, and that they acted promptly thereafter to declare breach therefor and act to terminate the lease.
judgment affirmed.